PEMBROKE IRON COMPANY vs. CHARLES PARSONS.

An agreement to sell "a cargo of old railroad iron, to be shipped per barque Charles
William, at thirty dollars per ton, delivered on the wharf at the port of discharge,
dangers of the seas excepted—about 300 or 350 tons—" is complied with by a delivery at
the port of discharge of as much as that vessel, if seaworthy and in good order, can
carry, though only two hundred and twenty seven tons.

ACTION OF CONTRACT upon the following instrument: "Memo-
randum of agreement, made the 18th day of August 1852. I,
Charles Parsons, agree to sell to the Pembroke Iron Company a
cargo of old railroad iron, to be shipped per barque Charles
William, part being flat rails and part flange, at thirty dollars
per ton, cash, delivered on the wharf in Boston ($30 per ton,
cash, on wharf), dangers of the seas excepted—About 300 or
350 tons.                                    Charles Parsons."

At the trial in the court of common pleas, it appeared that at
the time of the agreement the iron in question was at Savannah,
Georgia; that the barque Charles William was a vessel of a regis-
tered tonnage of two hundred and ninety eight tons, engaged in
the coasting trade between Savannah and Boston, and that the
defendant received on board of her at Savannah, and conveyed
to Boston, and there delivered to the plaintiffs, two hundred
and twenty seven tons only; and refused to deliver any more,
although the plaintiffs demanded the difference between that
amount and three hundred or three hundred and fifty tons.
There was conflicting evidence upon the question whether the
Charles William, being in good order and condition to carry a
full cargo, could safely carry more than two hundred and twenty
seven tons from Savannah, where it was known to the plaintiffs
to be, to Boston.

*Perkins*, J. instructed the jury that the agreement did not bind
the defendant to deliver three hundred tons absolutely; but that
if the defendant, in good faith, carried and delivered to the
plaintiffs a full cargo, as much as the barque, being seaworthy,
and in good order and condition, could carry from the port of
shipment to the port of delivery, it was all that the agreement

required, although the amount so delivered was only two hundred and twenty seven tons. The jury returned a verdict for the defendant, and the plaintiffs alleged exceptions.

*C. E. Pike*, for the plaintiffs.

*J. M. Bell*, for the defendant.

SHAW, C. J. The subject of the contract of sale and purchase was a cargo of old railroad iron, to be carried by the barque Charles William from Savannah to Boston; it was a cargo, one cargo, only. It was then limited and measured by the quantity she could carry at once. Whether the plaintiffs knew of the capacity of that vessel or not is immaterial, because they agreed to and adopted it, as the description and measure of their purchase. The figures at the bottom, " about 300 or 350 tons," are undoubtedly to be taken as a part of the contract. But, taken with the context, they manifestly express an estimate only, and do not control the descriptive clause designating and limiting the subject of the contract. The defendant, having delivered a full cargo, has performed his contract, and the instructions of the judge were correct.

This case, though quite similar in facts, is distinguishable in principle, from that of *Bourne* v. *Seymour*, 16 C. B. 337, recently decided in England. There the subject of the contract of sale, as expressed in the bought and sold note, was " about 500 tons nitrate of soda, in bags, of good merchantable quality." The merchandise was to be shipped on the west coast of America by the seller, and delivered to the buyers at the London docks. In the course of the memorandum, it was stated thus: " It is understood that the above nitrate of soda is to form the full cargo of the John Phillips, 345 tons register, now on her passage; " but in case the John Phillips should be disabled, the seller agreed to deliver, and the buyer to take, another cargo or cargoes of about equal quantity. The John Taylor did reach the place of shipment, took on board a cargo of nitrate of soda, and arrived in London. The court, after some deliberation as to the meaning and intent of the parties, decided, as the effect of the contract, that, as the first and leading subject expressed was " about 500 tons nitrate of soda," and, though understood and expected to

form the cargo of the John Phillips, yet in case of her failure, still about that quantity to be sent and delivered in London, the subject of the contract was 500 tons, with such exception by the word " about," as the variance usually found to exist in such cases, arising from some little difference in the mode of weighing, and that this was not controlled by a reference to the capacity of the John Phillips. One of the learned judges, Mr. Justice Crowder, commences his opinion thus: " The question is whether this is a contract for 500 tons of nitrate of soda, or ' for the full and complete cargo of the John Phillips.' " The court believing from all the terms of the contract, that it was the former and not the latter, gave judgment for the plaintiff.

In the present case the subject of the contract of purchase and sale was, " a cargo of old railroad iron, to be shipped pe barque Charles William." The difference is obvious.

*Exceptions overruled.*